PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER LYNN TOLLON, | ) | |
| | ) | CASE NO.  1:21CV1507 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 16] |

The assigned magistrate judge issued a Report and Recommendation (ECF No. 14) affirming Defendant's final decision that Plaintiff was not disabled and therefore not entitled to Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Disabled Widow's Benefits ("DWB").  Plaintiff objects, arguing that the magistrate judge's Report and Recommendation should be overruled and the matter should be remanded for further proceedings.  ECF No. 16.   Defendant responded in opposition to Plaintiff's objections.  ECF No. 17.

For the reasons below, Plaintiff's objections (ECF No. 16) are overruled and the Report and Recommendation (ECF No. 14) is adopted.

## I.  Background

Plaintiff filed applications for POD, DIB, and DWB claiming she was disabled due to a number of brain, psychological, and other physical complications, including brain lesions, sleep

(1:21CV1507)

disturbances, and difficulty walking.  Following initial denial, Plaintiff requested a hearing before an administrative law judge ("ALJ").

At the hearing before the assigned ALJ, Plaintiff, represented by counsel, and an impartial vocational expert ("VE") testified.  The ALJ issued a written decision finding that Plaintiff was not disabled, and the Appeals Council declined further review.  Next, Plaintiff filed a Complaint before the Court, and the parties stipulated to remand the matter, which the Court granted.[1]

Meanwhile, Plaintiff filed a second application for POD, DIB, and DWB.  On remand, the ALJ[2] consolidated Plaintiff's applications, held a hearing during which, again, Plaintiff, represented by counsel, and a VE testified.  The ALJ issued a written decision finding that Plaintiff was not disabled.  Next, Plaintiff filed a Complaint before the Court (ECF No. 1), giving rise to the instant action.[3]

---

[1]  *See Tollon v. Commissioner of Social Security* (Case No. 1:20CV315) (ECF Nos. 1, 14, 15).

[2]  The matter was assigned to the same ALJ that issued the prior written decision, finding that Plaintiff was disabled and therefore not entitled to POD, DIB, and DWB.

[3]  "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405.  In this case, the ALJ stated that if Plaintiff does "not file written exceptions and the Appeals Council does not review [the ALJ's] decision on its own, [the ALJ's] decision will become final on the 61st day following the date of this notice." ECF No. 5 at PageID #: 671.  In addition, once the ALJ's "decision becomes final, [Plaintiff] will have 60 days to file a new civil action in Federal district court." *Id*.  From the Court's review of the record and the parties' filings, Plaintiff did not file written exceptions and the Appeals Council did not review the ALJ's Wednesday, May 26, 2021 notice and written decision (*Id*. at PageID #: 671 – 690) on its own.  Accordingly, the ALJ's decision became final on Monday, July 26, 2021, and Plaintiff then had until Friday, September 24, 2021 to file a civil action before the Court.

(1:21CV1507)

The magistrate judge reasoned that Plaintiff was not entitled to POD, DIB, and DWB because the ALJ properly (1) supported the written decision with substantial evidence (ECF No. 14 at PageID #: 1467 – 1469), (2) considered Plaintiff's foot-related complications (*Id*. at PageID #: 1469 – 1470), (3) considered Plaintiff's pain symptoms (*Id*. at PageID #: 1470 – 1471), and (4) considered medical evidence of Plaintiff's headaches, fibromyalgia, spinal impairments, and psychological impairments (*Id*. at PageID #: 1471 – 1474).  Also, the magistrate judge concluded that Plaintiff either waived or otherwise failed to offer evidence in support of all remaining arguments.  *Id*. at PageID #: 1474 – 1475.

## II.  Discussion

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b).  Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); see also 42 U.S.C. § 405(g).  The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

---

Plaintiff timely filed the instant action because it was initiated on Tuesday, August 3, 2021. *See* ECF No. 1.

(1:21CV1507)

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.

An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, the court must examine the record as a whole and consider what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

4

(1:21CV1507)

of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

Plaintiff objects to the magistrate judge's decision because (1) Defendant "had no constitutionally valid authority to delegate to [the ALJ]" (ECF No. 16-1 at PageID #: 1481 – 1482), and (2) the ALJ failed to adequately consider (i) medical evidence and (ii) opinions from a rheumatologist who treated Plaintiff (*Id.* at PageID #: 1482 – 1484).

### A.  Objection One – Valid Constitutional Authority

To begin, Plaintiff objects to the magistrate judge's report and recommendation because Defendant had no constitutional authority to delegate final decision-making power to the ALJ as it is "the Commissioner of Social Security who adjudicates and decides these disability applications - not the ALJs." ECF No. 16-1 at PageID #: 1481.  At the start, Plaintiff's objection is overruled because "[t]he [Commissioner of Social Security] may assign duties, and delegate, or authorize successive redelegations of, authority to act and to render decisions, to such officers and employees of the Administration as the Commissioner may find necessary.  Within the limitations of such delegations, redelegations, or assignments, all official acts and decisions of such officers and employees shall have the same force and effect as though performed or rendered by the Commissioner." 42 U.S.C. § 902(a)(7).  Indeed, Defendant is authorized to "appoint as many administrative law judges as are necessary for proceedings required to be conducted[.]" 5 U.S.C. § 3105.  In support of Objection One, Plaintiff cites to non-binding precedent[4] for the "proposition that the ALJs were operating without constitutional authority and their determinations were null." ECF No. 16-1 at PageID #: 1482.  The Court is not persuaded

---

[4] *Tafoya v. Kijakazi*, 551 F. Supp. 3d 1054 (D. Colo. 2021).

5

(1:21CV1507)

because the *Tafoya* decision was limited to a determination of whether Plaintiff had standing to pursue a constitutional claim similar to the claim Plaintiff raises. In fact, the court explicitly states, that "the question presently before [the court] is one of standing, and thus does not implicate the merits." *Tafoya*, 551 at 1058.

In addition, Plaintiff already raised this argument and cited to the *Tafoya* decision in her Reply Brief. ECF No. 13 at PageID #: 1446. As such, it is not a proper objection. *See, e.g., United States v. Dawson*, No. 4:19-CR-206, 2020 WL 109137, at *1 (N.D. Ohio Jan. 9, 2020) (stating that "[t]he Court need not afford de novo review to objections which merely rehash arguments presented to and considered by the Magistrate Judge"); *Frantz v. Comm'r of Soc. Sec.*, No. 4:17CV1505, 2019 WL 428525, at *1 (N.D. Ohio Feb. 4, 2019) (overruling plaintiff's objections because they simply raised the "same argument that was rejected by" the magistrate judge's Report and Recommendation). In sum, because Defendant has authority to delegate final decision-making power to ALJs, and Plaintiff already raised this argument before the magistrate judge, the objection is overruled.

**B. Objection Two – Adequate Consideration of Medical Evidence and Medical Opinions**

Next, Plaintiff objects to the magistrate judge's report and recommendation because it failed to adequately address (1) Plaintiff's treating rheumatologist's opinion that Plaintiff needed a hand-held assistive device, and (2) medical evidence that Plaintiff suffered from a reduced range of motion. The record reveals that the ALJ was presented with, and considered the opinion of, Plaintiff's treating rheumatologist and the medical evidence presented in support. In the written decision, the ALJ stated:

> I am not persuaded by the opinions of Gheorgne Ignat, M.D. (10F; 24F). On May 21, 2019, Dr. Ignat opined that the claimant could stand/walk for 2 hours and sit for 6 hours out of an 8-hour workday, would need additional unscheduled breaks throughout the day for

6

(1:21CV1507)

> 20 minutes, was incapable of performing even "low stress" work and would be absent more than four days from work each month (10F). On January 20, 2021, Dr. Ignat opined that the claimant could sit/stand/walk less than 2 hours out of an 8-hour workday, would need even more unscheduled breaks throughout the day, could never lift more than 10 pounds, was incapable of performing even "low stress" work and would be absent more than four days from work each month (24F). There is nothing in the record to support such extreme limitations. While treatment notes do show positive tender points and some limited range of motion, there is no indication that the claimant lacks the ability to stand and walk (19F; 20F; 23F). Rather, she had normal range of motion in her ankles, hips, and knees (19F; 20F; 23F). Additionally, the claimant reported that generally, she felt "ok" after starting injections for fibromyalgia (23F/52).

ECF No. 5 at PageID #: 687.  The ALJ articulated why Plaintiff's treating rheumatologist and supporting medical evidence were not persuasive.  Ultimately, Plaintiff's objection is tantamount to a mere disagreement with the magistrate judge's conclusion.  This is an insufficient basis for an objection.  *See Irvine v. Phillips*, No. 5:20-CV-2109, 2022 WL 1641877, at *2 (N.D. Ohio May 24, 2022).

Additionally, similar to Objection One, this is not a proper objection because Plaintiff's Merits Brief raised the same arguments and they were considered by the magistrate judge.  *See* ECF No. 9 at PageID #: 1343, 1346 – 1347.  *See, e.g., Davenport v. Comm'r of Soc. Sec.*, No. 1:19CV1206, 2020 WL 5569620, at *2 (N.D. Ohio Sept. 17, 2020) (rejecting plaintiff's objections because her objections simply restate arguments presented to the magistrate judge); *Austin v. Comm'r of Soc. Sec.*, No. 1:19-CV-2380, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (recognizing objections that do "nothing more than restate an argument previously presented [and] a disagreement with [the] magistrate judge's suggested resolution" are equivalent to a failure to object).  In sum, because the magistrate judge considered both Plaintiff's treating

(1:21CV1507)

rheumatologist's testimony and medical evidence, and the issue was raised before the magistrate judge, Plaintiff's objection is overruled.

### III.  Conclusion

For the reasons above, Plaintiff's objections (ECF No. 16) are overruled.  The Report and Recommendation (ECF No. 14) is adopted.  Judgment will be entered in favor of Defendant through a separate Judgment Entry.

IT IS SO ORDERED.

June 24, 2022
Date

/s/ Benita Y. Pearson
Benita Y. Pearson
United States District Judge

8